Dear Ms. Morris:
You have requested an opinion of this office relative to Act 57
of the First Extraordinary Session of 1996. You seek our opinion as to which parishes should not have the riverboat option proposition included on their ballot, inasmuch as Act 57 provides, in part, that the Secretary of State shall delete ". . . from the ballot for use in each parish the ballot question pertaining to riverboat gaming in each parish not adjoining a river or waterway designated in R.S. 4:503." (R.S.18:1300.21B(2))
Your opinion request, in part asks for a factual determination insofar as it calls for a determination of which parishes adjoin ". . . designated rivers and waterways . . ." enumerated in R.S. 4:503B(1). We have been provided with a memorandum dated June 18, 1996, from Mr. Glenn Koepp, Louisiana Senate to Mr. Mike Baer, Secretary, Louisiana Senate, which has, by process of elimination, excluded nineteen parishes which are not situated upon a designated river or waterway. We adopt that memorandum as the factual determination for the purposes of this opinion.
However, an additional question remains regarding whether Sabine Parish and/or DeSoto Parish will be eligible to participate in the election. R.S. 4:503B(1), which enumerates the designated rivers and waterways, provides in pertinent part as follows:
 B(1) For the purpose of this chapter, designated rivers and waterways shall include . . . the Sabine River north of the Toledo Bend Reservoir Dam subject to the provisions of Paragraph (2) of this Subsection. . .". (Emphasis supplied).
LSA-R.S. 4:503B(2) referred to as "Paragraph (2)" provides as follows:
 (2)(a) On and after June 20, 1995, the addition of a designated river or waterway to those listed in Paragraph (1) of this Subsection shall be effective only after approval by voters in an election held, pursuant to this Paragraph, in any parish which borders the proposed river's or waterway's banks. Such election shall permit voters in such parishes to decide the question of whether the berthing of a riverboat upon which gaming is conducted on such river or waterway shall be authorized. (Emphasis added).
 (b)(I) At any time after the inclusion of a river or waterway has been proposed by an act of the legislature, the governing authority of any parish which borders the proposed river's or waterway's banks may order, by resolution, an election to permit voters in such parish to decide the question of whether the berthing of a river boat upon which gaming is conducted on such river or waterway shall be authorized. Such election shall be held pursuant to the provisions of Chapter 6-B of Title 18 of the Louisiana Revised Statutes of 1950.
 (ii) If such an election has occurred in any parish which borders the banks of a proposed river or waterway and the results in any such election have been favorable, then immediately upon promulgation of the election results in any such parish, the river or waterway proposed by an act of the legislature shall be considered a designated river or waterway.
The Legislature has clearly stated that the portion of the Sabine River may be a designated river or waterway, subject to the condition that an election be held in Sabine Parish or DeSoto Parish on the question of whether the berthing of a riverboat will be permitted in either of those parishes. Because you have informed us that no such elections were conducted, it is our opinion that the conditions required have not been met and, accordingly the parishes that are on the banks of the Sabine River north of the Toledo Bend Reservoir Dam, Sabine and DeSoto, should not vote on the proposition relative to riverboat gaming and the Secretary of State must delete that ballot question from the ballot in those two parishes, in addition to the nineteen parishes listed in Mr. Koepp's memorandum.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________ KENNETH C. DEJEAN GENERAL COUNSEL
KCD:ams
Enclosure
June 18, 1996
Memo
To: Mike Baer
From: Glenn Koepp
Re: Parishes Required to Vote on Riverboat Gaming — Act 57, First E.S., 1996
Act 57 requires that the ballot for each parish adjoining a river or waterway designated in R.S. 4:503 include a question pertaining to riverboat gaming.
The rivers and waterways and the parishes each adjoin are as follows:
1. Mississippi River
 East Carroll Madison Tensas Concordia Pointe Coupee West Feliciana East Feliciana West Baton Rouge East Baton Rouge Iberville Ascension St. James St. John the Baptist St. Charles Jefferson Orleans St. Bernard Plaquemine
2. Red River
 Caddo Bossier Red River Natchitoches Winn Grant Rapides Avoyelles Catahoula Concordia
3. Calcasieu River
 Vernon Rapides Allen Jefferson Davis Calcasieu
4. Mermentau
 Acadia Jefferson Davis Vermilion Cameron
5. Atchafalaya
 Avoyelles Pointe Coupee St. Landry St. Martin St. Mary Iberia Terrebonne Assumption?
6. Bayou Segnette within city limits of Westwego
Jefferson
7. Mississippi River Gulf Outlet
 Orleans St. Bernard
8. Bayou Bienvenue
 Orleans St. Bernard
9. Lake Pontchartrain
 Orleans Jefferson St. Charles St. John the Baptist St. Tammany Tangipahoa
10. Lake Maurepas
 Livingston Tangipahoa St. John
11. Lake Charles
Calcasieu
 12. Intercoastal Waterway (except positions in Lafourche and Terrebonne)
 Cameron Calcasieu Vermilion Iberia St. Mary Jefferson Orleans West Baton Rouge Iberville Assumption
13. Sabine River North of Toledo Bend Reservoir Dam
 Sabine DeSoto
If the above lists are correct, only the following parishes will not be voting on a question of riverboat gaming:
 1. Beauregard 2. Bienville 3. Caldwell 4. Claiborne 5. Evangeline 6. Franklin 7. Jackson 8. Lafayette 9. LaSalle 10. Lafourche 11. Lincoln 12. Morehouse 13. Ouachita 14. Richland 15. St. Helena 16. Union 17. Washington 18. Webster 19. West Carroll
The question on riverboat gaming will be included on the ballot in the remaining 45 parishes.
Attached are copies of Act 57 of the 1996 1st E.S. and R.S. 4:503.